**Petition of PEREZ.**

**No. 456808.**

United States District Court
E. D. New York.

Dec. 29, 1948.

W. F. Watkins, Dist. Director Immigration and Naturalization Service, and Harry Addelson, U. S. Naturalization Examiner, both of New York City, for the United States.

Press & Taxel, of Brooklyn, N. Y. (Manuel Taxel, of Brooklyn, N. Y., of counsel), for petitioner.

GALSTON, District Judge.

The United States opposes the granting of citizenship to the petitioner on the ground that he is ineligible for naturalization by virtue of Sec. 3(a) of the Selective Training and Service Act of 1940 as amended, 50 U.S.C.A.Appendix, § 303(a).

The facts are not in dispute. The petitioner was born in Spain on January 5, 1903. He came to the United States on September 4, 1920 and has resided here continuously since that time. He declared his intention to become a citizen on September 15, 1945 and filed his petition for naturalization on February 5, 1948. Since he was subject to the Selective Service Act, he filed a Selective Service Questionnaire on December 16, 1942, but applied to the local draft board for relief from military service, declaring that he was a citizen of Spain, a neutral nation, and under the Selective Training and Service Act of 1940 as amended, "I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States". On September 10, 1943 petitioner sent a letter to his local draft board requesting the revocation of his application for deferment. On October 6, 1943 his local draft board, in response to that request, advised him that there could be no change in his status inasmuch as his application for deferment had "already been processed". On December 5, 1942 the tive Service System received instructions from the national headquarters that "no registrants who have reached their thirty-eighth birthday are to be sent for induction". Thereafter the Selective Service Regulations were amended to become effective January 1, 1943 "to create a new classification of IV-H for registrants between the ages of thirty-eight and forty-five, inasmuch as they are no longer acceptable for military service."

Thus it appears that when the petitioner filed his application for relief from military service, since he at that time was almost forty years of age, under the direction of the national headquarters to the New York City headquarters he was no longer subject to induction.

On September 29, 1943 the petitioner was re-classified into Class C-H, a classification given to alien registrants who had requested deferment on the ground of being cit-

izens of neutral countries and who were also over-age.

■ Sec. 3(a) of the Selective Training and Service Act of 1940, as amended, reads: "Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of eighteen and forty-five at the time fixed for his registration, shall be liable for training and service in the land or naval forces of the United States. Provided, that any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States."

The petitioner argues that the above provision applies only to a person who is liable for training and service under the Act and who makes application to be relieved and who is actually relieved because of such application, and that conversely it does not apply to a person who is not liable for training and service.

The fallacy in the argument is that the petitioner fails to recognize that the statute applies to all male citizens of the United States and all other male persons residing in the United States "between the ages of eighteen and forty-five at the time fixed for his registration". At the time that the petitioner registered he was between the age limits and therefore liable for military training and service in the land or naval forces of the United States. The statute was not amended by the director of the selective service system as a result of his telegram of December 5, 1942 that "no registrants who have reached their thirty-eighth birthday are to be sent for induction". If the necessities of the war determined, the director could have changed his instruction to local boards at any time thereafter while the Selective Service Act of 1940 remained in force with Sec. 3(a) as above quoted.

Neither the director of the Selective Service System nor the courts could amend the Act, and it must be rigidly construed. In the circumstances the recommendation of the Immigration and Naturalization Service that the petition for naturalization be denied is adopted.

■ If the refusal of the local draft board to grant the petitioner's request that his application for deferment be revoked was ill advised, this court has not the power certainly in this naturalization proceeding to reverse the decision of the board. The petitioner did not exhaust his administrative remedies. Selective Service and Training Act, 50 U.S.C.A.Appendix, § 310(a) (2).

The petition for citizenship is denied.